THE PEOPLE OF PUERTO RICO, ETC., Plaintiff and Appellant *v.* MERCEDES SALDAÑA Y QUINTERO, ET AL., Defendants and Appellees; JUAN AMARAL, Stenographer Appellee.

No. 9707. Argued June 3, 1948.—Decided June 16, 1948.

866

*Luis Negrón Fernández, Attorney General,* and *Antonio Riera,* Counsel for the Land Authority, for appellant. *V. M. Sánchez Fernández* for stenographer appellee.

MR. JUSTICE TODD, JR., delivered the opinion of the Court.

The facts in this case were briefly set forth in our *Per Curiam* of May 17, 1948, overruling a motion for dismissal filed by the stenographer-appellee, as follows:

"The People of Puerto Rico, represented by the Governor, and in behalf of the Land Authority of Puerto Rico, instituted a condemnation proceeding in the District Court of Bayamón against several defendants. After all the proceedings were had said court rendered judgment on July 3, 1947. Feeling aggrieved the plaintiff appealed and moved the lower court to order the stenographer who took part in the case to do the transcript of the evidence. The court so ordered.

"The stenographer prepared and filed said transcript in the office of the clerk of the lower court and then filed a motion seeking that the plaintiff be ordered to deposit in court $111.60 as his fee, inasmuch as the Land Authority had refused to pay on the ground that The People of Puerto Rico was not bound to pay the fees.

"On January 21, 1948 the lower court entered an order (sic) granting the stenographer's motion and ordered the plaintiff to deposit the $111.60 in the office of the clerk of said court within the term of five days. The plaintiff appealed to this court."

The only error assigned by appellant is that the lower court ordered the People of Puerto Rico to pay fees to the stenographer-reporter.

■ Pursuant to § 5 of the Act providing for the appointment of the stenographer-reporter of the district courts, fixing their duties and compensation, of March 10, 1904, the court stenographer is bound to furnish a copy of the transcript of the evidence free of charge, among other cases, when it is requested in the name of The People of Puerto Rico.

■ In the case at bar the plaintiff is The People of Puerto

Rico, represented by the Governor of Puerto Rico,[1] who, in the name of and at the request of the Land Authority of Puerto Rico[2] sought the condemnation of 209.4125 acres (*cuerdas*) of certain land belonging to the defendant in order to devote them to certain purposes authorized by the Land Law of Puerto Rico (Act No. 26 of April 12, 1941). Pursuant to § 14 of this Act, as amended by Act No. 8 of March 29, 1945, the power of condemnation was conferred on the Land Authority of Puerto Rico with the limitation that it could be exercised only ". . . against artificial persons, who, by possessing more than five hundred acres, are violating the provisions of this Act, and such power of expropriation shall not be exercised against natural persons unless the lands in question belonged, on February 10, 1941, to some artificial person as defined in said Title III."

Therefore, the cases where the Land Authority of Puerto Rico may by itself institute condemnation proceedings are expressly limited by law. In all other cases, like in the one at bar, if said Authority wishes to acquire title or interest on any real property, either by purchase or by condemnation, it must comply with § 11 of the Land Law[3] and request that the action be brought in the name of the Insular Government, that is, The People of Puerto Rico.

We have, in addition, that the Land Law itself in its § 2, in creating the Land Authority of.Puerto Rico provided that it should form part of the Department of Agriculture

---

[1] See the provisions of Act No. 39 of April 20, 1942 (Regular Session, page 446), as a result of our decision in *P. R. Ry. Lt. & P. Co.* v. *Ortiz, Judge*, 59 P. R.R. 912.

[2] See § 2 of Act No. 19 of November 30, 1942 (Second and Third Special Sessions of 1942, page 82), amending § 3(*a*) of the Eminent Domain Act.

[3] Section 11 provides that "The Insular Government shall have power to acquire, at the request of the Authority and in behalf thereof, by purchase, or by expropriation in the manner provided by this Act and Insular laws in regard to expropriation, title to any real property or estate thereon which might be necessary or advisable for the purposes of the Authority, and the latter shall pay for the whole of said real property. The power hereby vested shall not limit or restrict the power of the Authority itself to acquire real property by purchase or expropriation."

and Commerce of Puerto Rico as a "governmental agency or instrumentality of The People of Puerto Rico." We are of the opinion that the sole and true plaintiff in this action is The People of Puerto Rico and, as such, is exempt from paying the fees to the stenographer in this case pursuant to § 5 of the Act of 1904, *supra*.

The order is reversed.

Mr. Justice De Jesús did not participate herein.